RICHARD W. REID v. THE MAYOR AND BOARD OF COMMISSIONERS OF THE TOWN OF PILOT MOUNTAIN, To Wit: J. R. McCORMICK, MAYOR; D. B. LAWSON, J. WILKERSON GORDON, CLYDE W. FULK AND R. J. BOAZ, COMMISSIONERS, AND W. W. NORMAN.

(Filed 2 March, 1955.)

**1. Judges § 5—**

    Article IV, Section 31, Constitution of North Carolina, states the causes for which, and provides the method by which, a judge or presiding officer of a court inferior to the Supreme Court may be removed from office, and the causes and method therein expressed are exclusive and preclude the removal of the judge of a Recorder's Court by the Mayor and Board of Commissioners of the municipality purporting to act under color of statutory authority.

**2. Appeal and Error § 2—**

Ordinarily, an order of the lower court overruling a demurrer *ore tenus* is not appealable, but when the case involves a matter of public interest and a continuance of restraining order, the Supreme Court may nevertheless entertain the appeal.

APPEAL by defendants from *Sink, J.,* at October Term 1954, of SURRY.

Civil action to restrain defendants from interfering with plaintiff in performance of his duties as Judge of the Recorder's (Mayor's) Court of Pilot Mountain, N. C., heard upon demurrer *ore tenus* to the complaint.

Plaintiff alleges in his complaint substantially and in summary the following:

1. That plaintiff and defendants, except W. W. Norman, are residents and citizens of Surry County, North Carolina, and that W. W. Norman is a resident and citizen of Stokes County, North Carolina.

2. That on 5 May, 1953, plaintiff was duly elected, and on 6 May, 1953, qualified, Judge of the Recorder's (Mayor's) Court of Pilot Mountain, having jurisdiction over Pilot Mountain Township in Surry County, N. C., for a term of two years, and entered upon his duties as such Judge "in accordance with the provisions of Chapter 176 of the Session Laws of North Carolina for 1947," and "is the only Judge of the Pilot Mountain Mayor's (Recorder's) Court, and can only be replaced at an election on the first Monday in May 1955, and that he is entitled to discharge the duties incident to his office until a resident of the territory embraced within the jurisdiction of this court has been duly elected and qualified to replace him."

3. That plaintiff was attentive to, and faithfully discharged and was able, ready and willing to perform, his duties of Judge as aforesaid, and incident to his office, until 31 August, 1954, when "an alleged and mock hearing was held by the Mayor and Board of Commissioners of the town of Pilot Mountain" attempting to dismiss him as such Judge, "and to replace him with W. W. Norman, a fine citizen of Stokes County, N. C., whose residence was outside the confines of the jurisdiction of the Pilot Mountain Township Recorder's Court"; that such action of Mayor and Board of Commissioners was invalid, in that they "were without authority to remove him from office, and to replace him"—alleging that the 1947 act, establishing the court, does not provide for such action on the part of the Mayor and Board of Commissioners of Pilot Mountain; and that notwithstanding the fact that plaintiff was ready, able and willing to discharge his duties as such Judge on 31 August, 1954, he was prevented from doing so by the action of the Mayor and Commissioners of Pilot Mountain, and W. W. Norman held said court in his place and stead, and all regular or called sessions since August 31 have been presided over

REID v. COMRS. OF PILOT MOUNTAIN.

by him; and unless the Mayor and Commissioners and the appointed judge, W. W. Norman, are restrained from interfering with the duly elected and qualified judge of this court, they will continue to prevent him from performing the duties of his office, and from receiving compensation justly due him; and that he, the plaintiff, is without adequate remedy at law therefor against defendants.

Wherefore, the plaintiff prayed the Court:

1. That he be granted a temporary order, restraining the defendants from interfering or preventing him from performing his duties as such judge in the orderly conduct of said court, etc., and that defendants be required to show cause why such temporary order should not be continued until the final hearing of this action and made permanent for the term of his office.

Thereupon a temporary restraining order as prayed, and an order to show cause were entered, and ordered to be served upon defendants, requiring defendants to appear at certain time and place and show cause, if any they have, why this restraining order should not be continued to hearing.

The cause coming on to be heard and being heard before the Judge of Superior Court presiding at regular term of such court of Surry County upon the temporary restraining order, and after the reading of the complaint in the cause, defendants demurred *ore tenus,* and the court, after hearing argument of attorneys for both parties, being of opinion that the demurrer should be denied, entered an order overruling such demurrer, and ordered that the restraining order theretofore issued in the cause be continued until the termination of the matter.

Respondents excepted and appeal to Supreme Court, and assign error.

*Allen, Henderson & Williams for plaintiff, appellee.*

*Woltz & Woltz, Hiatt & Hiatt, and Thomas M. Faw for defendants, appellants.*

WINBORNE, J. Admitting the truth of the facts alleged in the complaint, as is done when the sufficiency of a pleading to state a cause of action is challenged by demurrer, this basic and determinative question arises on this appeal: Did the Mayor and Board of Commissioners of the Town of Pilot Mountain have the power and authority to remove plaintiff as the duly elected judge of the Mayor's Court of the Town of Pilot Mountain,—an established court of record inferior to the Supreme Court? The answer is "No,"—for the Constitution of North Carolina, Article IV, Section 31, provides otherwise.

The Constitution, Article IV, Section 2, declares that "the judicial power of the State shall be vested in a court for the trial of impeachments,

a Supreme Court, Superior Courts, courts of justices of the peace, and such other courts inferior to the Supreme Court as may be established by law."

And the Constitution, Article IV, Section 31, declares that "any judge of the Supreme Court, or of the Superior Courts, and the presiding officers of such courts inferior to the Supreme Court as may be established by law, may be removed from office for mental or physical inability, upon a concurrent resolution of two-thirds of both houses of the General Assembly"; and this section of the Constitution goes on to provide that "The judge or presiding officer against whom the General Assembly may be about to proceed shall receive notice thereof, accompanied by a copy of the causes alleged for his removal, at least twenty days before the day on which either house of the General Assembly shall act thereon."

Thus it appears that the Constitution states the causes for which, and provides the method by which, a judge or presiding officer of a court inferior to the Supreme Court established by law may be removed from office. The principle that "the express mention of one thing is the exclusion of another" applies here.

"The Mayor's Court of the Town of Pilot Mountain" is a court of record having a seal; it is inferior to the Supreme Court; and it is a court established by law, and has jurisdiction of certain criminal offenses occurring not only within the town of Pilot Mountain, but outside thereof within the limits of Pilot Mountain Township, in Surry County. And plaintiff was duly elected judge or presiding officer of the court—for a term of two years next after the first Monday in May 1953. Private Laws 1891, Chapter 287, Section 12, as amended by Sections 1 and 2 of 1947 Session Laws of North Carolina, Chapter 176; and also 1953 Session Laws of North Carolina, Chapter 431, "an Act to amend G.S. 160-29 relating to municipal elections as applied to the Town of Pilot Mountain."

In passing, it may be noted that in the amended charter of the Town of Pilot Mountain, Private Laws 1891, Chapter 287, authority was given for the election of certain officers, and for the appointment of others. And in Section 17 of the Act, the Mayor is designated the chief executive officer of the town, and given the power and authority, with the concurrence of a majority of the commissioners, to remove "said officers . . . for misconduct in office or neglect of duty." While in Section 12 of the Act the Mayor is constituted an inferior court, there is no mention of a "judge" of such court.

But the General Assembly 1947 Session Laws of North Carolina, Chapter 176, amending Chapter 287 of the Private Laws of North Carolina, 1891, so as to enlarge the jurisdiction of the Mayor's Court of the Town of Pilot Mountain, provided in Section 2 that Section 12 of the 1891 Act be amended by adding at the end thereof a new paragraph in which

authority is given to the Board of Commissioners of the town to appoint (1) a judge of the Mayor's Court of the Town of Pilot Mountain, who shall serve for a given term, and (2) an assistant judge of that court to serve, in the absence of the Mayor or the judge, for a given period of time, and enlarging the jurisdiction of the court to cover Pilot Mountain Township outside the corporate limits of the Town of Pilot Mountain.

Apparently it is contended that by this latter amendment the judge and assistant judge were merged into the original term "said officers," to whom the provisions in Section 17 of Chapter 287 of Private Laws 1891 for removal related. But in the light of the constitutional provisions above related, it takes a very strained construction to entertain the thought that the General Assembly so intended.

Ordinarily an appeal from order of court below in overruling demurrer *ore tenus* will not lie. *Langley v. Taylor, post,* 573. However, since this case involves a matter of public interest—and the continuance of a restraining order—the Court deems it expedient to entertain this appeal.

Therefore, for reasons stated, the action of the court below in overruling the demurrer and continuing the injunction to final hearing is

Affirmed.